**Order entered December 6, 2019**



**In The**
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01366-CR

### DAVID GARCIA, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. F18-52886-H**

## ORDER

Before the Court is appellant's December 2, 2019 third motion regarding the reporter's record and to reset the briefing timetable.

In his third motion, appellant requests we abate this appeal for a hearing to determine whether the State's Exhibit 17, a CD containing redacted recordings of jail telephone calls, is complete and accurately reflects what telephone calls were admitted at trial. We **GRANT** the motion to the extent we **ORDER** the trial court to conduct a hearing **WITHIN TWENTY DAYS OF THE DATE OF THIS ORDER** and to make findings of fact regarding:

- how many telephone calls were admitted by the State during its case-in-chief;

- whether State's Exhibit 17 contains all of the telephone calls admitted at trial or whether, as appellant contends, it contains only 10 of 11 calls admitted;

- if Exhibit 17 does not contain all of the calls admitted at trial, (1) whether any calls were published from another source; and (2) if so, whether the court reporter has an exhibit or exhibits containing these calls and when the court reporter can file the supplemental reporter's record containing said exhibit(s) with the missing calls;

- if Exhibit 17 does not contain all of the calls admitted at trial and the court reporter does not have the other calls, whether the parties can agree on an exhibit or exhibits that contains the missing calls, *see* TEX. R. APP. P. 34.6(e)(1).

- if Exhibit 17 does not contain all of the calls admitted at trial and if the parties cannot agree on the missing calls, the trial court shall settle the dispute as set out in Texas Rule of Appellate Procedure 34.6(e)(2) and order, if appropriate, the court reporter to conform the reporter's record to what occurred in the trial court and to file certified corrections in this Court. *See* TEX. R. APP. P. 34.6(e)(2).

- if Exhibit 17 does not contain all of the calls admitted at trial and the parties cannot agree on the exhibits, whether the exhibits (1) have been lost or destroyed through no fault of the appellant, (2) are necessary to the appeal's resolution, and (3) cannot be replaced by the parties' agreement or by a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit(s). *See* TEX. R. APP. P. 34.6(f).

We **ORDER** a supplemental reporter's record of the hearing including, if appropriate, any exhibits of telephone calls and a supplemental clerk's record with the trial court's findings regarding the same filed with this Court within **THIRTY DAYS OF THE DATE OF THIS ORDER**.

We **DEFER** ruling on that portion of the motion requesting we reset the briefing timetable.

We **DIRECT** the Clerk of the Court to transmit a copy of this order, by electronic transmission, to the Honorable Tina Yoo Clinton, Presiding Judge, Criminal District Court No. 1; court reporter Crystal R. Brown; court reporter Sheryl Zeno; Felicia Pitre, Dallas County District Clerk; and counsel for the parties.

We **ABATE** this appeal to allow the trial court to comply with this order. The appeal shall be reinstated when we receive the supplemental records of the hearing, the exhibits, and the

trial court's findings of fact or when the Court otherwise deems it appropriate to reinstate the appeal.

/s/    LANA MYERS
       JUSTICE